# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ALEXANDRA LEEDS, individually and on behalf of all wrongful death beneficiaries for the death of CAMERON LEEDS, deceased, | )<br>)<br>)<br>)<br>)<br>) Case No. 25-00020-CV-W-LMC |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| NORFOLK SOUTHERN RAILWAY COMPANY, | )<br>)<br>) |
| Defendant. | ) |

## ORDER

Pending before this Court is Plaintiff's Emergency Motion to Remand (Doc. #10) and Plaintiff's Motion for Expedited Hearing on Plaintiff's Emergency Motion to Remand (Doc. #12). For the reasons listed below, this matter is remanded to the Circuit Court of Clay County, Missouri.

### I. BACKGROUND

This matter arises out of a fatal train/motor vehicle accident that occurred on September 26, 2018. (Doc. #1-3 at 1.) On June 12, 2019, Plaintiff Alexandra Leeds, the widow of the decedent, brought a wrongful death action against Norfolk Southern Railway Corporation, Cecil R. Niemeier, the engineer of the train involved in the accident, and Floyd D. Hustead, the conductor of the train involved in the accident. (Doc. #1-3.) Defendants collectively filed an answer on August 12, 2019. (Doc. #1-2 at 665-80.) The matter was actively litigated for the last five-and-a-half years. Per an amended scheduling order, discovery closed on November 30, 2024, and a two-week jury trial was scheduled to begin on Monday, January 13, 2025. (Doc. #1-2 at 241-43.). On January 8, 2025, Plaintiff filed a dismissal without prejudice as to defendants Cecil R. Niemeier

and Floyd D. Hustead (the dismissed defendants).[1]  (Doc. #1-1 at 81.)  On January 9, 2025, the Circuit Court of Clay County denied Defendant's motion for a continuance.  (Doc. #1-1 at 25.)  At 5:01 p.m. on Friday, January 10, 2025, Defendant Norfolk Southern Railway Company filed a Notice of Removal to this Court asserting diversity jurisdiction.  (Doc. #1.)  Plaintiff filed Plaintiff's Emergency Motion to Remand (Doc. #10) and Plaintiff's Motion for Expedited Hearing on Plaintiff's Emergency Motion to Remand (Doc. #12) in the afternoon of Sunday, January 12, 2025.  Later that evening, Defendant responded to the motion to remand.  (Doc. #14.)

Due to the urgency of this matter, the undersigned set a telephone conference for the morning of January 13, 2025.  As in *E.H.S. by her Next Friend, Robin Phelan Northern v. BNSF Railway Company and Cheryl Townlian*, 2019 WL 3934472, the undersigned believes that Defendant Norfolk Southern Railway Company "has had the opportunity to adequately present its arguments and authority in its notice of removal" and has provided a response to the motion to remand.  The matter is therefore properly before the Court and the circumstances require a prompt ruling.

## II.   DISCUSSSION

A federal court may exercise diversity jurisdiction if the amount in controversy is greater than $75,000 and complete diversity of citizenship between the parties exist. 28 U.S.C. §1332(a). Complete diversity requires that "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402 (1978).

As a court of limited jurisdiction, it is essential that jurisdiction be established as a threshold matter.  *Godfrey v. Pulitzer Pub'l Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998).  The party seeking removal has the burden of showing that this Court has subject matter jurisdiction. *In re Bus. Men's*

---

[1] The Court does not find an order dismissing defendants Niemeier and Hustead in the record of the state court proceedings, but notes that neither party contests that the dismissed parties are no longer parties to this action.

2

Case 4:25-cv-00020-BP     Document 16     Filed 01/13/25     Page 2 of 8

*Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). All doubts concerning federal jurisdiction must be resolved in favor of remand. *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007); *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997), *cert. denied*, 522 U.S. 1075 (1998).

Generally a defendant seeking to remove a matter must do so within 30 days "after the receipt by the defendant, through service or otherwise of a copy of the initial pleading" or "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1) and (3). A case removed based on diversity jurisdiction may not be removed "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

Defendant argues that Plaintiff fraudulently joined the dismissed defendants to avoid removal to federal court (both defendants were citizens of Missouri). (Doc. #1 at 3, 6.) Defendant also points to 28 U.S.C. § 1446(c)(1) to excuse the late removal, arguing that Plaintiff acted in bad faith in order to avoid removal. (Doc. #1 at 3.) The Court notes that "courts address 'bad faith' and 'fraudulent joinder' independently of each other. Bad faith under section 1446 governs the time for removal, while fraudulent joinder pertains to the court's subject matter jurisdiction." *Trokey v. Great Plains Roofing & Sheet Metal, Inc.*, 2017 WL 722607, at *1 (W.D. Mo. Feb. 23, 2017) (internal citation omitted). Defendant does not argue the failure to include colorable claims against the dismissed defendants. *See Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir.

3

2003) (defining fraudulent joinder). Therefore, the discussion of fraudulent joinder appears to be surplusage and the Court will disregard such.

As the Court in *H&B Ventures, LLC v. State Auto Prop. & Cas. Ins. Co.*, 686 F. Supp. 3d 846, 849 (E.D. Mo. 2023), points out, the Eighth Circuit has not addressed the standard for finding bad faith pursuant to 28 U.S.C. § 1446(c)(1). In determining what standard to apply, the court in *H&B Ventures, LLC* noted that several standards have been employed. One of which is the two-part *Aguayo* test derived from *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225 (D.N.M. 2014). Under the *Aguayo* test "a court first examines whether the plaintiff actively litigated against the 'removal spoiler' in state court. Actively litigating against the 'removal spoiler' entitles the plaintiff to a rebuttable presumption of good faith. If the plaintiff is entitled to the presumption, the second step gives the defendant the opportunity to rebut the presumption with direct evidence of bad faith." *Trokey*, 2017 WL 722607 at *2. The *H&B Ventures, LLC* court rejected the *Aguayo* test in favor of an analysis that looks at a "variety of factors and circumstances, citing both direct and circumstantial evidence." *H&B Ventures, LLC*, 686 F. Supp. 3d at 851. Examples of the different factors include: "(1) the timing of a non-diverse defendant's dismissal, (2) whether plaintiff actively pursued his claim against the defendant, (3) plaintiff's knowledge that his claim against the non-diverse defendant was no longer supported by evidence, and (4) whether plaintiff received consideration for dismissing the defendant." *Id.* citing *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 292-93 (5th Cir. 2019), as revised (Aug. 23, 2019). Additional factors may include "when the plaintiff named the defendant, the plaintiff's basis for bringing the relevant claims, and whether there was a viable and consistent explanation for dismissing the defendant." *Id.* citing *Kalfsbeek Charter v. FCA US, LLC*, 540 F. Supp. 3d 939, 943-45 (C.D. Cal. 2021).

4

Defendant advocates utilizing both the variety of factors and circumstances standard found in *H&B Ventures, LLC* and the two-prong test of *Aguayo*. (Doc. #1 at 3-6.) Defendant asserts that Plaintiff only took the deposition of the dismissed defendants on October 15, 2024, and the length of the depositions were half the time it took to depose the corporate representative for Defendant Norfolk Southern Railway Company, there was no written discovery directed at the dismissed defendants, the dismissed defendants were dismissed five days before the scheduled trial was to commence, no demand was sent to the dismissed defendants, and the dismissed defendants were not present at mediation and Plaintiff did not object to their absence. (Doc. #1 at 4-6.) Defendant also seeks to show bad faith by arguing that Plaintiff's counsel "has previously employed this strategy of late dismissal of diversity-destroying defendants in at least five (5) instances." (Doc. #1 at 6.)

Plaintiff argues that federal courts in Missouri apply the *Aguayo* test in determining whether bad faith exception applies. (Doc. #11 at 6.) Plaintiff disputes Defendant's assertion she did not actively litigate the matter where she deposed both dismissed defendants within the time frame allowed by the scheduling order, and that settlement negotiations included the dismissed defendants. (Doc. #11 at 4, 7, 10-11.) Plaintiff also points out that she obtained expert testimony regarding the dismissed defendants' role in the accident. (Doc. #11 at 3-4, 8-10.) Plaintiff also asserts that "[a]fter viewing these two train crew members during their depositions, Counsel determined that the jury may have more sympathy for the train crew than Norfolk Southern, who did not properly train the crew." (Doc. #11 at 12.) Additionally, Plaintiff notes that "[s]implifying the case is generally always best and particularly necessary here where the trial court has made clear that the entire trial must be conducted in nine (9) days and the failure to meet that deadline will result in a mistrial." (Doc. #11 at 12.) Finally, Plaintiff notes that the federal court in *E.H.S.*,

2019 WL 3934472, one of the cases cited by the Defendant for the proposition that Plaintiff's counsel has a pattern of dismissing forum defendants right before trial in an attempt to avoid removal, remanded the matter rejecting the same types of arguments Defendant makes in this matter. (Doc. #11 at 12-13.)

Under either standard, the result is the same and remand is required. Plaintiff named the dismissed defendants at the initiation of the action and there has been no argument that Plaintiff did not have a colorable claim against the dismissed defendants. Depositions of the dismissed defendants were conducted within the time-period set by the court. *See Danenberg-Jones v. Walmart Inc.*, 2022 WL 1983987, at *4 (W.D. Mo. June 6, 2022) (finding that "the pace of the state court schedule permitted plaintiffs" to seek discovery.) Plaintiff obtained expert witness testimony regarding whether the dismissed defendants were negligent. In resisting remand, Defendant asserts that "[e]ven Plaintiff's own expert, Kevin Johnson, an accident reconstructionist, provided testimony indicating that he did not believe that the Forum Defendants were distracted, that they were delayed or failed to respond in a timely fashion." (Doc. #14 at 2.) Defendant's assertion does not support bad faith; instead, it supports the notion that Plaintiff's decision to dismiss the dismissed defendants occurred only after a review of all evidence produced during discovery and was therefore not made in bad faith. Dismissal of the dismissed defendants did not come shortly after the one-year mark but instead almost five years later. *See Frisch v. Shanghai Huayi Grp. Corp. Ltd.*, 2023 WL 3480905, at *11 (N.D. Iowa May 16, 2023) (finding that the "plaintiffs did not dismiss soon after the removal deadline, but years later, which supports an inference that they dismissed due to discovering the weakness of the case and not solely because the removal deadline had passed.") Finally, Plaintiff submitted a "plausible reason for her legal strategy." *E.H.S.*, 2019 WL 3934472, at *3. Therefore, under either standard, Defendant Norfolk

6

Southern Railway Company has failed to meet its burden in showing that Plaintiff acted in bad faith.

Defendant argues that Plaintiff made no demand for settlement on the dismissed defendants and did not require the dismissed defendants' appearance at mediation. (Doc. #1 at 6.) Plaintiff disputes that characterization and insists that negotiation talks included demands for the release of the dismissed defendants. (Doc. #11 at 10-11.) The Court is without sufficient information to evaluate this element, other than to note that the dismissed defendants were represented by the same counsel as Defendant Norfolk Southern Railway Company. (Doc. #1-2 at 658.) Therefore, there is no indication that the dismissed defendants were not represented at mediation.

This Court finds *E.H.S.*, 2019 WL 3934472, at *3, instructive regarding direct or circumstantial evidence of bad faith. There the Court, utilizing the *Aguayo* test, found that "even if the Court assumes that BNSF Railway's claim pattern and practice is true, this—without something more—is insufficient to overcome the burden of establishing federal jurisdiction by a preponderance of the evidence." *Id.* The court found that plaintiff provided a "plausible reason for her legal strategy" and "the case was vigorously litigated[.]" *Id.* The Court therefore remanded the matter. Similarly, Defendant in this matter has failed to meet its burden in showing bad faith on the part of the Plaintiff. While eve-of-trial dismissals of defendants who are citizens of the same state as the plaintiff may frustrate defense counsel, more is needed to show bad faith on the part of the plaintiff. Plaintiff has identified legitimate reasons for dismissing defendants Niemeier and Hustead, and it is within her prerogative as master of her claims, to do so.

Finally, this Court heeds *Trokey's* finding that "it is a legislative judgment that a suit governed by state law that is filed in state court should remain in state court if it has been pending and consuming state judicial state judicial resources for more than one year." *Trokey*, 2017 WL

7

722607 at *1. This matter has been pending for five-and-a-half years and the matter has been actively litigated by all parties. As the Court in *Kleiner v. Johnson & Johnson*, 2021 WL 3476184, at *3 (E.D. Pa. Aug. 6, 2021) found, "a distinction must be drawn between legitimate strategy in high-stakes litigation as opposed to bad faith." Plaintiff has articulated legitimate reasons for an eve-of-trial dismissal of the dismissed defendants. Furthermore, at the time the undersigned held the telephone conference in this matter, potential jurors were at the Clay County Circuit Court ready to begin the proceedings. Defendant has failed to meet its burden in showing bad faith on the part of the Plaintiff. Therefore, this matter must be swiftly remanded.

### III. CONCLUSION

Based on the foregoing, it is

ORDERED that Plaintiff's Emergency Motion to Remand (Doc. #10) is GRANTED. It is further

ORDERED that this case is remanded to the Circuit Court of Clay County, Missouri. It is further

ORDERED that Plaintiff's Motion for Expedited Hearing on Plaintiff's Emergency Motion to Remand (Doc. #12) is DENIED as moot. It is further

ORDERED that the Clerk of Court is directed to mail a certified copy of this Order to the Circuit Court of Clay County, Missouri.

*/s/ Lajuana M. Counts*
LAJUANA M. COUNTS
UNITED STATES MAGISTRATE JUDGE